IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS HALL,<br><br>　　　　　　　Petitioner,<br><br>　　vs.<br><br>DAVID L. RUNNELS, Warden,<br><br>　　　　　　　Respondent. | No. 2:03-cv-02335-JKS-DAD<br><br>ORDER |

　　　　Petitioner, a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

　　　　On October 18, 2007, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days. Petitioner has filed objections to the Findings and Recommendations.[1]

　　　　Petitioner's objections do not address the findings of the Magistrate Judge. Distilled to their essence, they do nothing more than reiterate his position regarding the grounds raised in his petition. Petitioner does not point to any erroneous factual determination made by the Magistrate Judge. Liberally construing the objections of Petitioner, who is appearing *pro se*, the Court treats the objections as objections to the legal conclusions reached by the Magistrate Judge.

---

[1] Although the objections were not timely filed, at Docket No. 51 Petitioner has requested leave to file his objections untimely. The Court will grant the motion at Docket No. 51 and consider Petitioner's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.[2] Having carefully reviewed the file, with particular attention to those portions relevant or pertinent to the legal analysis, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

First, the Court notes that to the extent Petitioner is arguing that his conviction violates state law, it is beyond the purview of this Court. It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). It is also presumed that the state court knew and correctly applied state law. *See Walton v. Arizona,* 497 U.S. 639, 653 (1990) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law). Accordingly, the Magistrate Judge did not err in failing to consider those arguments; nor will this Court consider them in its *de novo* review of the Findings and Recommendations.

Objection 1 (Prior Bad Acts). There was clearly no *Brady*-type[3] violation in this case. Evidence of the Best Buy thefts is patently not exculpatory. While the Court agrees that the Best Buy thefts had no probative value with respect to the crime of which Petitioner was charged, Petitioner fails to show that its admission for the purposes of impeachment, although it may have violated the trial court's *in limine* order, violated any federal constitutional provision.

Objection 2 (exclusion of expert testimony/lesser included offense). Given Petitioner's own testimony that he choked the victim knowing he was killing her after releasing the chokehold, any expert testimony as to the potential fatal effects of a chokehold and Petitioner's knowledge thereof was of minimal, if any, probative value as to petitioner's intent. Indeed it

---

[2] Section 636(b)(1)(C) limits the scope of the required *de novo* review to those portions of the proposed findings and recommendations to which objection is made. Inasmuch as Petitioner has not objected to any factual determinations, the Court's review was limited to the legal analysis of the issues presented based upon the facts as determined by the Magistrate Judge.

[3] *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *See also United States v. Bagley*, 473 U.S. 667, 676–77 (1985) (applying the *Brady* rule to impeachment evidence).

was, as the Magistrate Judge found, irrelevant.  As to the lesser included offense claim, there is no constitutional requirement that a lesser included offense instruction be given in a non-capital case.  *Solis v. Garcia*, 219 F.3d 922, 929 n. 7 (9th Cir. 2000), citing *Windham v. Merkle*, 163 F.3d 1092, 1106 (9th Cir. 1998).

> Objection 3 (burglary conviction).  The constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original).  This Court must, therefore, determine whether the California courts on the merits unreasonably applied *Jackson*.  Consequently, although the sufficiency of the evidence review by this Court is grounded in the Fourteenth Amendment, it must undertake its inquiry by reference to the elements of the crime as set forth in state law.  *Jackson*, 443 U.S. at 324 n. 16.  Under *Jackson*, the role of this Court is to simply determine whether there is any evidence, if accepted as credible by the jury, sufficient to sustain conviction.   In this case, the California Court of Appeal found that on the evidence Petitioner's entry constituted burglary under California law.  Review of that determination is beyond the purview of this Court in a habeas proceeding.

> Objection 4 (motion to substitute counsel).  Petitioner claims that the trial court and, in default this Court, should have held an evidentiary hearing on his motion to substitute counsel.  *See People v. Marsden*, 465 P.2d 44 (Cal. 1970).  The only justification petitioner offered the trial court for substituting counsel was his concern that counsel was not communicating with him in a timely manner.  The trial court did not interview Petitioner and counsel to illuminate any problems. Instead the trial court simply forwarded Petitioner's letter motion to counsel.  The trial court never specifically ruled on the "motion."  Clearly the United States Constitution is violated if a state defendant is prevented from communicating with counsel.  *See, e.g., Riggins v. Nevada,* 504 U.S. 127, 144 (1992).  That is not suggested here.  Rather Petitioner's claim requires that the Court consider the Ninth Circuit's substitution of counsel jurisprudence.  *See, e.g., Plumlee v. Mastro,* 512 F.3d 1204 (9th Cir. 2008) (en banc); *Schell v. Witnek*, 218 F.3d 1017 (9th Cir. 2000)

(en banc). Generally the court has required trial courts to inquire into the claims of a complete breakdown in attorney-client relationship, situations where it appears that the attorney and client have ceased cooperating to the point that possible defense is impeded. In this case, Petitioner expressed concerns that counsel was not keeping in touch. There is no suggestion that counsel was not prepared for trial or that counsel had failed to consult with Petitioner at all. There is no suggestion that Petitioner refused to cooperate with counsel, which, if present, might have required further inquiry. Thus, the issue turns on whether the state courts acted irrationally in concluding that sending the letter containing Petitioner's complaints to counsel in the hope that alerted to Petitioner's concerns counsel would get in touch with him was sufficient to resolve any communication problems. In the absence of any evidence that communication difficulties continued up to trial or that the defense was impeded in any way, this Court concludes that the state court's resolution of this issue did not conflict with any decision of the United States Supreme Court.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Petitioner's motion at Docket No. 51 for leave to file his objections to the Findings and Recommendations untimely is GRANTED;

2. The Findings and Recommendations filed October 18, 2007, are adopted in full;

3. Petitioner's application for a writ of habeas corpus is DENIED; and

4. The Clerk of the Court to enter final judgment accordingly.

IT IS FURTHER ORDERED THAT the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks and citations omitted)). All federal constitutional issues, to the extent they were not procedurally defaulted, were addressed by the California Court of Appeals and deemed addressed by the

California Supreme Court on direct appeal, and no reasonable jurist could find that those decisions were "objectively unreasonable." Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. See Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

Dated: March 5, 2008

s/ James K. Singleton, Jr.<br>JAMES K. SINGLETON, JR.<br>United States District Judge